An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

VICTORIA EDELMAN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JAMES M. BIXLER, DISTRICT JUDGE,
Respondents,
  and
EDMOND PAUL PRICE,
Real Party in Interest.

No. 62780

**FILED**

MAR 2 1 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER GRANTING PETITION IN PART

This original petition for a writ of mandamus or prohibition challenges an order modifying subpoenas and subpoenas duces tecum issued to petitioner's counsel and refusing to quash the subpoenas. Petitioner Victoria Edelman argues that she is entitled to writ relief because the order will force her attorneys to disclose confidential communications protected by the attorney-client privilege. At our direction, the real party in interest, Edmond Paul Price, filed an answer to the petition. The Clark County District Attorney's Office has submitted an amicus brief in support of petitioner. See NRAP 29(a).

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion. See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). A writ of prohibition may issue to arrest the proceedings

13-08510

of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court. NRS 34.320. Although this court has issued writs of mandamus to compel a district court to vacate a discovery order requiring the production of privileged information, this court more recently has "reaffirm[ed] . . . that prohibition is a more appropriate remedy for the prevention of improper discovery than mandamus." Wardleigh v. District Court, 111 Nev. 345, 350, 891 P.2d 1180, 1183 (1995). A writ of prohibition may issue, however, only where there is no plain, speedy, and adequate remedy at law. NRS 34.330. Here, the order is not independently appealable and likely will not be reviewable as an intermediate decision, see NRS 177.045, since Edelman's agreement with the State does not contemplate a judgment of conviction being entered against her in state court. Even if the order could be challenged in a later appeal, as we observed in Wardleigh, "[i]f improper discovery were allowed, the assertedly privileged information would irretrievably lose its confidential and privileged quality and petitioner[ ] would have no effective remedy." 111 Nev. at 350-51, 891 P.2d at 1183-84. Under the circumstances, a writ of prohibition is an appropriate remedy.

Petitions for extraordinary writs are addressed to the sound discretion of the court. State ex rel. Dep't Transp. v. Thompson, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). We have indicated that we "will infrequently" exercise that discretion to entertain pretrial discovery challenges except "where, in the absence of writ relief, the resulting prejudice would not only be irreparable, but of a magnitude that could require the imposition of such drastic remedies as dismissal with prejudice or other similar sanctions." Wardleigh, 111 Nev. at 351, 891 P.2d at 1184.

While dismissal with prejudice is not a likely sanction in this case, the issues here implicate important rights.

Edelman and Price were charged with multiple felony offenses. Edelman entered negotiations with the State and eventually agreed to testify against Price. The agreement requires her to testify truthfully and plead guilty to a felony federal offense based on the same incident as the state charges, with the State forgoing its prosecution of her. As part of the plea negotiations, Edelman apparently made an oral proffer of her testimony. Edelman has refused to submit to an interview with Price's counsel. Price sought a written summary of Edelman's unrecorded oral proffer from the State, but that ultimately proved unsuccessful when this court granted a writ petition. See State v. Dist. Ct. (Price), Docket No. 62464 (Order Granting Petition, January 25, 2013). Price also issued subpoenas directed to Edelman's defense counsel, requiring them to appear and provide testimony related to the proffer and to produce documents related to the proffer. Edelman's attorneys moved to quash the subpoenas. The district court denied the motion and modified the subpoenas, requiring counsel to produce all responsive documents "insofar as [they] contain statements made by Victoria Edelman in the process of formulating her proffer to the State of Nevada and/or the Federal Government" and to appear for a pretrial hearing to testify and "disclose all statements made by Victoria Edelman which form the basis for the proffer provided to the State of Nevada and/or the Federal Government." The order states that the district court found that these documents and statements were "intended to be disclosed to the State and/or the Court [and therefore] are not protected from disclosure by the attorney-client privilege."

 

Edelman essentially challenges the district court's determination that the subject documents and statements are not protected by the attorney-client privilege. The privilege protects "confidential communications" between the client and the client's attorney. NRS 49.095(1). For purposes of the privilege, "[a] communication is 'confidential' if it is not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." NRS 49.055. Edelman does not dispute that courts have held that a communication is not "confidential" if the communication is "for the purpose of having [the attorney] relay [the] communication to a third party." U.S. v. Sudikoff, 36 F. Supp. 2d 1196, 1204-05 (C.D. Cal. 1999) (discussing "client's communications of proposed testimony made with the intent that the lawyer relay the communications to the government"); see also State v. Watkins, 672 S.E.2d 43, 49 (N.C. Ct. App. 2009) (communication provided by client "precisely for the purpose of conveying it to the prosecutor" is not "confidential"); accord Wardleigh, 111 Nev. at 353-54, 891 P.2d at 1185-86 (holding that communications between client and lawyer in presence of non-client homeowners and other individuals were not intended to be confidential).

Edelman is correct that the criminal cases identified by the parties involve either the prosecution's duty to disclose (under Brady v. Maryland, 373 U.S. 83 (1963) or the Jencks Act, 18 U.S.C. § 3500(b)) or the admissibility of an attorney's testimony in a proceeding instituted by the client that is based on the attorney's representation of the client (such as a motion to withdraw a guilty plea or a habeas petition), rather than efforts to compel the attorney to disclose communications in situations

similar to those presented here. But the basic premise in those cases remains—communications between a client and the client's lawyer that are intended to be conveyed to a third party are not confidential and therefore are not privileged. Thus, to the extent that counsel has documents that reflect communications from Edelman that were provided to counsel precisely for the purpose of conveying those communications to the State, those documents are not privileged. The attorney-client privilege therefore does not stand as a bar to the disclosure of such documents or similar testimony.[1]

We are concerned, however, that the district court's order modifying the subpoenas may yet require counsel to divulge communications that are confidential and therefore privileged under NRS 49.095(1). The order seems to conclude that all documents containing statements made by Edelman to counsel in the process of formulating her proffer were intended to be disclosed to the State. This is not necessarily true. To that extent, the district court's order exceeds its authority.

It further appears that the district court exceeded its authority in ordering Edelman's counsel to appear and testify in a pretrial proceeding. The primary purpose of this pretrial testimony appears to be

---

[1]As Edelman notes, RPC 1.6(a) precludes a lawyer from "reveal[ing] information relating to representation of a client" except in limited circumstances. This restriction arguably is broader than the attorney-client privilege afforded by NRS 49.095(1), which is limited to "confidential" communications. Regardless, the rule acknowledges that a lawyer "may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary . . . [t]o comply with other law or a court order." RPC 1.6(b)(6). Here, the district court has entered such an order.

an effort to obtain information about the substance of Edelman's anticipated trial testimony so that Price can prepare for trial. In this respect, the district court's order observes that "nondisclosure of the substance of Ms. Edelman's proposed testimony would substantially prejudice Mr. Price's preparation and presentation of his trial and that a trial by ambush is a foregone conclusion." While the district court's concerns are understandable, the situation is not uncommon since witnesses in criminal cases are not required to submit to an interview by either party and a witness's refusal to submit to an interview therefore does not deprive a defendant of the right to a fair trial, absent evidence that the State improperly interfered with the defendant's right of access to the witness. See, e.g., U.S. v. Troutman, 814 F.2d 1428, 1453 (10th Cir. 1987); Kines v. Butterworth, 669 F.2d 6, 9 (1st Cir. 1981). To the extent that the pretrial testimony is intended to provide Price with prior inconsistent statements that may be used to impeach Edelman, as with any other prosecution witness who declines to be interviewed, Edelman will be subject to cross-examination. At that time, Price can address her refusal to be interviewed and question her regarding her negotiations with the State and the proffer to the extent such testimony would be relevant and not otherwise inadmissible. Price is not entitled to pretrial testimony from Edelman's counsel as a means of discovery.[2] We therefore conclude

---

[2]The district court will have to determine whether counsel should be required to testify during the trial pursuant to the subpoena. That determination will depend on whether the testimony is admissible impeachment evidence; if so, the testimony must be limited to evidence that is not privileged or otherwise inadmissible. The district court would also need to consider whether there are other means of obtaining any

*continued on next page . . .*

that the district court exceeded its authority in ordering Edelman's counsel to appear and testify before the trial.

For the reasons stated herein, we

ORDER the petition GRANTED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT prohibiting the district court from proceeding with its order to the extent that it requires petitioner's counsel to provide documents that are confidential and therefore privileged and to appear and testify before trial. [3]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. James M. Bixler, District Judge
      Clark County Public Defender
      Coyer & Landis, LLC
      Clark County District Attorney
      Eighth District Court Clerk

---

*. . . continued*

impeachment evidence since counsel's testimony would likely create a conflict that could implicate Edelman's Sixth Amendment rights and require their withdrawal as Edelman's counsel.

[3]Edelman's motion for a stay is denied as moot.